UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL FETHEROLF,**

    **Petitioner,**

    v.

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**

    **Respondent.**

:

**Case No. 2:19-cv-168**
**Judge Sarah D. Morrison**
**Chief Magistrate Judge Elizabeth A. Preston Deavers**

:

:

## OPINION AND ORDER

On April 22, 2020, Judgment was entered dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 76.)  The United States Court of Appeals for the Sixth Circuit denied Petitioner's request for a certificate of appealability.  (ECF No. 83.)  Petitioner has filed a motion for reconsideration pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.  (ECF No. 84.)  For the reasons that follow, the motion for reconsideration (ECF No. 84) is **DENIED**.

Petitioner seeks reconsideration of the final judgment of dismissal of his claims as procedurally defaulted.  Petitioner argues that he preserved these claims for review through the filing of an untimely motion for a new trial and application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  He argues that procedural default should not be applied because the state courts failed to expressly

enforce any procedural bar and improperly applied res judicata to bar consideration of his claims. Petitioner argues that this Court erred in concluding otherwise.

Rule 60(b) provides:

<u>Grounds for Relief from a Final Judgment, Order, or Proceeding</u>. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1).

The provision of Rule 60(b)(1) provides relief "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) (citing *United States*

*v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). Public policy favoring finality of judgments and termination of litigation limits application of the rule. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)). "Therefore, 'relief under Rule 60(b) is . . . extraordinary." *Moore v. United States*, No. 14-114-DLB-HAI, 2018 WL 5046065, at *1 (E.D. Ky. Oct. 17, 2018) (citing *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016). Additionally, a Rule 60(b) motion should not serve as a substitute for, or supplement to an appeal. *Johnson v. Collins*, No. 19-3616, 2019 WL 7187355, at *2 (6th Cir. 2019) (quoting *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007)). Thus, arguments that have, or should have been presented on appeal generally are not reviewable under Rule 60(b). *Id*. "Relief under Rule 60(b) is not appropriate where. . . a party unhappy with the Court's ruling simply reargues her case." *Bonds v. Barker*, No. 1:18-cv-1149, 2019 WL 168326, at * (N.D. Ohio Jan. 11, 2019) (citing *GenCorp, Inc.*, 477 F.3d at 368).

Liberally construing Petitioner's pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court also considers Petitioner's motion for reconsideration under the provision of Rule 60(b)(6).[1] That provision applies in "exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe*

---

[1] "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements." *Ashiegbu v. Purvianu*, 74 F.Supp.2d 740, 746 (S.D. Ohio 1998) (citation omitted). *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015), referred to by the Respondent (*Response*, ECF No. 85, PAGEID # 3893) involves the waiver on appeal of arguments not raised in the district court below, and does not hold to the contrary.

3

*Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). It should rarely be used—especially in habeas corpus. *Hand v. Houk*, No. 2:07-cv-846, 2020 WL 1149849, at *3 (S.D. Ohio Mar. 10, 2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Again, Rule 60(b)(6) "does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'" *Johnson v. Merlak*, No. 4:18cv1062, 2019 WL 1300215, at *2 (N.D. Ohio March 21, 2019) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). A claim of legal error, unaccompanied by facts establishing extraordinary and exceptional circumstances, will not provide a basis for relief under Rule 60(b)(6). *West v. Bell*, No. 3:01-cv-91, 2010 WL 4363402, at *4 (E.D. Tenn. Oct. 27, 2010) (citing *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005)).

Public policy favoring finality of judgments likewise limits application of the rule. *Blue Diamond Coal Co. v. Trustees of UMWA Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). "[A] party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Moore,* 2018 WL 5046065, at *1 (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). Further, a Rule 60(b) motion that attempts to add a new ground for relief or attacks the resolution of a former claim on the merits will be construed as a successive § 2255 motion subject to authorization for filing from the United States Court of Appeals for the Sixth Circuit. *See Schultz v. United States*, 2019 WL 4962588, at *1-2 (S.D. Ohio Oct. 8, 2019) (citing *Gonzalez*, 545 U.S. at 532); 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). "Unless the court of appeals has

authorized a second or successive motion, a district court sitting in the Sixth Circuit must transfer the motion to the Sixth Circuit Court of Appeals." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).  Here, however, Petitioner's challenge to the district court's application of procedural default may properly be addressed under Rule 60(b).  *Gonzalez v. Crosby*, 545 U.S. at 532 n.4.

Nonetheless, the record reflects no basis for relief.  This Court has already considered, and rejected, the arguments Petitioner now again makes here.  The Sixth Circuit likewise has concluded that reasonable jurists would not debate the dismissal of Petitioner's claims as procedurally defaulted.  (ECF No. 83, PAGEID # 3844.)  Petitioner has provided no grounds to conclude otherwise.  Thus, the record fails to reflect a basis for reconsideration of the dismissal of Petitioner's claims as procedurally defaulted.

## DISPOSITION

Petitioner's motion for reconsideration (ECF No. 84) is **DENIED.**


**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**