IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL FETHEROLF,

        Petitioner,

                              :

    v.                            Case No. 2:19-cv-168
                                   Judge Sarah D. Morrison
                                 Chief Magistrate Judge Elizabeth
WARDEN, CHILLICOTHE         A. Preston Deavers
CORRECTIONAL
INSTITUTION,             :

        Respondent.

## OPINION AND ORDER

On April 22, 2020, Judgment was entered dismissing the petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 76.)  The United States

Court of Appeals for the Sixth Circuit denied Petitioner's request for a certificate of

appealability.  (ECF No. 83.)  On October 1, 2020, the Court denied Petitioner's

motion for reconsideration.  (ECF No. 86.)  On November 23, 2020, the Court denied

Petitioner's Petition for Rehearing and Rehearing en Banc and Motion to Stay.

(ECF No. 90.)  Petitioner now has filed a Motion to Set Aside Default Judgment and

Re-Open Habeas Proceedings Pursuant to Rule 60(b)(1) and (6) of the Federal Rules

of Civil Procedure.  (ECF No. 91.)  For the reasons that follow, this most recent

motion for reconsideration (ECF No. 91) is **DENIED**.

Petitioner again seeks reconsideration of the final judgment of dismissal of

his claims as procedurally defaulted.  He again asserts that he has established

cause and prejudice for his failure to raise on appeal a claim of insufficiency of the

evidence based on the ineffective assistance of appellate counsel.  He contends that this Court, and the Ohio Court of Appeals, failed to consider the entire record and ignored inconsistent, ambiguous, and conflicting evidence regarding digital penetration of the alleged victim in rejecting this claim.  (ECF No. 91, PAGEID # 3948–52.)  Additionally, Petitioner now argues that the trial court issued improper jury instructions on the issue, in violation of Ohio law.  (PAGEID # 3952–57.)  He further complains that the state appellate court improperly addressed arguments not raised in his motion for a new trial, without providing him notice, denying him due process and establishing cause for any procedural defaults. (PAGEID # 3958–65.)  These arguments do not assist him.

As previously discussed, Rules 60(b)(1) and 60(b)(6) provide that a court "may relieve a party. . . from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." *Id.*  However, public policy favoring finality of judgments and termination of litigation limits application of the rule. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)).  In short, "'relief under Rule 60(b) is . . . extraordinary." *Moore v. United States*, No. 14-114-DLB-HAI, 2018 WL 5046065, at *1 (E.D. Ky. Oct. 17, 2018) (citing *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016).  A Rule 60(b) motion should not serve as a substitute for, or supplement to, an appeal. *Johnson v. Collins*, No. 19-3616, 2019 WL 7187355, at *2 (6th Cir. 2019) (quoting *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007)).  Thus, arguments that have or

should have been presented on appeal generally are not reviewable under

Rule 60(b). *Id.* "Relief under Rule 60(b) is not appropriate where. . . a party

unhappy with the Court's ruling simply reargues her case." *Bonds v. Barker*, No.

1:18-cv-1149, 2019 WL 168326, at \*2 (N.D. Ohio Jan. 11, 2019) (citing *GenCorp,*

*Inc.*, 477 F.3d at 368). "Rule 60(b)(6) applies only in exceptional or extraordinary

circumstances where principles of equity mandate relief." *West v. Carpenter*, 790

F.3d 693, 696–97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*,

738 F.3d 741, 750 (6th Cir. 2013)). It should rarely be used—especially in habeas

corpus. *Hand v. Houk*, No. 2:07-cv-846, 2020 WL 1149849, at \*3 (S.D. Ohio Mar. 10,

2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Further, Rule 60(b)(6)

"does not grant a defeated litigant 'a second chance to convince the court to rule in

his or her favor by presenting new explanations, legal theories, or proof.'" *Johnson*

*v. Merlak*, No. 4:18-cv-1062, 2019 WL 1300215, at \*2 (N.D. Ohio Mar. 21, 2019)

(citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). A claim of

legal error, unaccompanied by facts establishing extraordinary and exceptional

circumstances, will not provide a basis for relief under Rule 60(b)(6). *West v. Bell*,

No. 3:01-cv-91, 2010 WL 4363402, at \*4 (citing *Gonzalez,* 545 U.S. at 535). "[A]

party seeking relief under Rule 60(b) bears the burden of establishing the grounds

for such relief by clear and convincing evidence." *Moore,* 2018 WL 5046065, at \*1

(quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Petitioner's challenge to the Court's application of procedural default may be

addressed under Rule 60(b) and will not be construed as a successive § 2255 motion

3

subject to authorization for filing from the United States Court of Appeals for the Sixth Circuit. *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4. (2005).

The record reflects no basis for relief. This Court already has rejected Petitioner's arguments that his appellate counsel performed in a constitutionally ineffective manner by failing to raise on appeal a claim of insufficiency of the evidence. (*Opinion and Order*, ECF No. 75, PAGEID # 3781–82.) The Court will not now again address this same issue here. Moreover, Petitioner did not previously raise a claim regarding the trial court's allegedly improper jury instructions on the elements of the rape charge in the Ohio courts. This same issue therefore cannot serve as cause for his procedural default. *See Teitelbaum* v. *Turner*, No. 2:17-cv-583, 2018 WL 2046456, at *22 (S.D. Ohio May 2, 2018) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)). The record does not support Petitioner's argument that the Ohio courts failed to provide him adequate notice of its decisions denying his motion(s) for a new trial or improperly addressed issues he did not raise in those proceedings or that any purported error in those proceedings serves as cause for his procedural defaults. As previously noted, the Sixth Circuit also has concluded that reasonable jurists would not debate the dismissal of Petitioner's claims as procedurally defaulted. (ECF No. 83, PAGEID # 3844.) Again, Petitioner has provided no grounds to conclude otherwise.

## DISPOSITION

Petitioner's Motion to Set Aside Default Judgment and Re-Open Habeas Proceedings Pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure (ECF No. 91) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**