# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHAEL FETHEROLF,

      **Petitioner,**

  v.

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**

      **Respondent.**

:

Case No. 2:19-cv-168
Judge Sarah D. Morrison
Chief Magistrate Judge Elizabeth P. Deavers

:

:

## OPINION AND ORDER

This matter is before the Court for consideration of Petitioner Michael Fetherolf's Motion to Set Aside Default Judgment Pursuant to Civ. R. 60(b)(1)–(6). (ECF No. 98.) The time for filing a response has passed, and none was filed. Accordingly, Petitioner's Motion is ripe for consideration. For the reasons set forth below, the Motion is **DENIED**.

### I.  BACKGROUND

As the Motion *sub judice* is Petitioner's **third** seeking relief from final judgment dismissing his claims (*see* ECF Nos. 84, 91), the history of this case is worn thin from re-telling. The Court will be brief in discussing it here.

This Court entered judgment dismissing Petitioner's petition for writ of habeas corpus on April 22, 2020. (ECF No. 75.) On September 17, 2020, the United States Court of Appeals for the Sixth Circuit denied his applications for certificate of appealability. (ECF No. 83.) Petitioner then filed two motions to set aside

judgment under Rule 60(b). (ECF Nos. 84, 91.) This Court denied each. (ECF Nos. 86, 92.) Most recently, the United States Supreme Court denied Petitioner's petition for writ of certiorari on March 22, 2021 (ECF No. 100.)

Petitioner now—again—seeks reconsideration of the April 22, 2020 judgment dismissing his claims.

## II. LEGAL STANDARD

Rules 60(b)(1) and 60(b)(6) provide that a court "may relieve a party. . . from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect;" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). However, public policy favoring finality of judgments and termination of litigation limits application of the rule. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009)).

"[R]elief under Rule 60(b) is . . . extraordinary." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016). A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal. *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). "For this reason, arguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b)(6) motion." *Id*. "Relief under Rule 60(b) is not appropriate where. . . a party unhappy with the Court's ruling simply reargues her case." *Bonds v. Barker*, No. 1:18-cv-1149, 2019 WL 168326, at *2 (N.D. Ohio Jan. 11, 2019) (citing *GenCorp, Inc.*, 477 F.3d at 368). "Rule 60(b)(6) applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790

2

F.3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). "In other words, Rule 60(b) is to be used rarely—especially in habeas corpus." *Hand v. Houk*, No. 2:07-cv-846, 2020 WL 1149843, at *3 (S.D. Ohio Mar. 10, 2020) (Watson, J.) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Further, Rule 60(b)(6) "does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'" *Johnson v. Merlak*, No. 4:18-cv-1062, 2019 WL 1300215, at *2 (N.D. Ohio Mar. 21, 2019) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Finally, "a party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

### III. ANALYSIS

Petitioner's Motion focuses on the Court's application of procedural default, which may be properly addressed under Rule 60(b). *See Gonzalez*, 545 U.S. at 532 n.4. Accordingly, this Court has jurisdiction to adjudicate the Motion.

Petitioner raises two arguments. Each is unavailing. First, Petitioner argues that Claims Seven (ineffective assistance of trial counsel) and Eight (ineffective assistance of appellate counsel) should be heard because the state appellate court did not consider those claims. (ECF No. 98, PageID # 4071.) He further argues that any procedural default should be excused under the *Martinez-Trevino* exception for claims that must first be raised in postconviction proceedings.

3

(*Id.* (citing *Trevino v. Thaler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012)).) This Court dismissed Claims Seven and Eight as procedurally defaulted (ECF No. 75, PageID # 3779), and the Sixth Circuit concluded that reasonable jurists could not debate the dismissal (ECF No. 83, PageID # 3844–46). Further, *Martinez-Trevino* applies only when there has been a *substantial* claim of ineffective assistance. *See Trevino*, 569 U.S. at 429 (quoting *Martinez*, 566 U.S. at 17). Petitioner's ineffective assistance claim is not substantial (*see, e.g.*, ECF No. 75, PageID # 3778–79, 3781–82)—accordingly, the *Martinez-Trevino* exception cannot excuse the procedural default. Moreover, the Court is unaware of any caselaw suggesting that *Martinez-Trevino* extends to the facts at hand, where Petitioner raised the ineffective assistance claims in a postconviction petition but failed to appeal from its denial, thus depriving the state courts of a "full opportunity" to resolve the issue. (*Id.*, PageID # 3778 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).)

Second, Petitioner argues that that Claims One (improper admission of other acts evidence) and Five (prosecutorial misconduct) should be considered upon a showing of cause and prejudice, and that Claim Eight should be considered as to appellate counsel's failure to raise certain arguments. (ECF No. 98, PageID # 4103.) Each of these arguments has been made and rejected. (*See, e.g.,* ECF No. 83, PAGEID # 3840–43.)

Petitioner provides no grounds for relief under Rule 60(b)(1) or 60(b)(6).

### IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion to Set Aside Default Judgment Pursuant to Civ. R. 60(b)(1)–(6) (ECF No. 98) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**