# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MICHAEL FETHEROLF,

    Petitioner,

  v.

WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,

    Respondent.

:

Case No. 2:19-cv-168
Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Petitioner Michael Fetherolf's Motion for Certificate of Appealability ("COA"). (ECF No. 104.) The time for filing a response has passed, and none was filed. Accordingly, Petitioner's Motion is ripe for consideration. For the reasons set forth below, the Motion is **DENIED**.

### I. BACKGROUND

This Court entered judgment dismissing Petitioner's petition for writ of habeas corpus on April 22, 2020. (ECF No. 75.) On September 17, 2020, the United States Court of Appeals for the Sixth Circuit denied his applications for certificate of appealability. (ECF No. 83.) Petitioner then filed two motions to set aside judgment under Rule 60(b). (ECF Nos. 84, 91.) This Court denied each. (ECF Nos. 86, 92.) The United States Supreme Court denied Petitioner's petition for writ of

certiorari on March 22, 2021.  (ECF No. 100.)  Petitioner then filed, and this Court denied, a third motion to set aside judgment. (ECF Nos. 98, 102.) Petitioner now seeks a COA from the third denial.

## II. LEGAL STANDARD

A habeas petitioner seeking appellate review of a denial of a Rule 60(b) motion for relief from judgment may only proceed if he or she obtains a COA. *United States v. Hardin,* 481 F.3d 924, 926 (6th Cir. 2007).  A COA will issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To do so, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).  In *Moody v. United States*, the United States Court of Appeals for the Sixth Circuit cautioned that "a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect," and "[t]o put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable.*"  958 F.3d 485, 488 (6th Cir. 2020) (emphasis in original).

## III. ANALYSIS

Although not a model of clarity, Petitioner advances several arguments in support of his Motion.  Each is unavailing.

First, Petitioner argues that the Court erred by using the standard under Rule 60(b)(6), rather than Rule 60(b)(1), in denying his third Rule 60(b) Motion. (ECF No. 104, PageID # 4168.) But the Court expressly held that "Petitioner provides no grounds for relief under Rule 60(b)(1) **or** 60(b)(6)." (ECF No. 102, PageID # 4158 (emphasis added).)

Second, he argues that the Court erred in deciding that he did not meet the "*Martinez-Trevino*" exception to procedural default because the Court concluded that Petitioner's claims were not substantial. (ECF No. 104, PageID # 4169.) In Petitioner's view, the substantiality determination was premature as, in both *Martinez* and *Trevino*, the Supreme Court first found that petitioners had demonstrated cause to excuse to the procedural default and then remanded to the lower court for substantiality determination. (*Id.* at PageID # 4173 (citing *Trevino v. Thaler*, 569 U.S. 413, 429 (2013); *Martinez v. Ryan*, 566 U.S. 1, 18 (2012)).) Yet, in neither of those cases did the Supreme Court hold that the cause determination must precede the substantiality determination. Moreover, Petitioner's argument reaffirms that it is the province of the district court to make that substantiality determination.

Third, Petitioner argues that the Court improperly ignores that the ineffective assistance claim was not raised on his initial postconviction, which was not exhausted, but in a subsequent motion for new trial, which was exhausted. (ECF No. 104, PageID # 4169–70.) Petitioner ignores that the Sixth Circuit upheld the dismissal of the ineffective assistance of trial counsel as procedurally defaulted

3

by holding "that reasonable jurists could not debate the dismissal." (*See* ECF No. 102, PageID # 4158.)  Petitioner has not demonstrated why the Court is not bound by the Sixth Circuit's decision and by the law of the case doctrine. *United States v. Anglin*, 601 F.3d 523, 527 (6th Cir. 2010) (internal citation omitted). Further, the Court's *dicta* regarding exhaustion was merely an alternative explanation as to why Petitioner does not come within the *Martinez-Trevino* exception. (ECF No. 102, PageID # 4158.)  It is not grounds for reasonable disagreement as to the Court's Order denying Petitioner's third Rule 60(b) motion.

Fourth, Petitioner argues that trial counsel fell well below the standard for competent representation and that the ineffective assistance prejudiced him, claiming: "Fetherolf has satisfied all required showings, and the district court should have granted the motion.  Jurists of reason could and would disagree with the district court's decision." (ECF No. 104, PageID # 4175, 4178.)  This is nothing more than a rehashing off his ineffective assistance claim that this Court has already dismissed as procedurally defaulted, and the Sixth Circuit has held that reasonable jurists could *not* disagree with that decision.  The argument is no more persuasive now than it was previously.

Finally, Petitioner argues that jurists could reasonably debate whether the district court applied the correct standard in finding he had not met the requirements of Rule 60(b)(1)—specifically, that the Court's conclusion that all arguments had been raised and rejected is not the relevant standard for Rule 60(b)(1) challenge. (*See id.*)  This was not a misapplication of the standard, but a

4

recognition that Petitioner had failed to meet his burden of showing "mistake, inadvertence, surprise, or excusable neglect[.]" Fed.R.Civ.P. 60(b)(1). Absent such a showing, reasonable jurists could not disagree with the Court's denial of his third Rule 60(b) motion.

## IV.   CONCLUSION

For the reasons set forth above, Petitioner's Motion for Certificate of Appealability (ECF No. 104) is **DENIED.**  Because reasonable jurists would not disagree with the Court's conclusions, a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**